**Robert PATE, Plaintiff—Appellant,**

v.

**BERKELEY (USA) HOLDING, LIMITED; and Berkeley International Capital Corporation, Catalina Furniture, Company Inc, Defendants—Appellees.**

**No. 02–15914.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 2003.

Decided July 8, 2003.

Before: GRABER, WARDLAW, and BYBEE, Circuit Judges.

MEMORANDUM *

Robert Pate appeals the grant of summary judgment in favor of Berkeley (USA) Holding, Limited and Berkeley International Capital Corporation (collectively, "Berkeley"). The district court ruled that Berkeley did not intentionally or negligently misrepresent that they would assume liability for Pate's shipments of lumber to Catalina Furniture Company, Inc.,

---

and that Catalina was not Berkeley's actual agent. We affirm.

Meticulously analyzing each of the statements Pate alleged were misrepresentations, the district court correctly held that Pate's misrepresentation claims fail because he did not adduce evidence sufficient to overcome summary judgment that any of the statements are material representations of fact upon which Berkeley intended Pate to rely, and upon which Pate justifiably relied. *See Small v. Fritz Cos.*, 30 Cal.4th 167, 132 Cal.Rptr.2d 490, 494, 65 P.3d 1255 (2003). Other than Beechwood's and Galle's general statements that Catalina was profitable, none of the alleged statements involve assertions of past or existing fact. *See S.F. Design Ctr. Assocs. v. Portman Cos.*, 41 Cal.App.4th 29, 50 Cal.Rptr.2d 716, 724 (Ct.App.1995) ("actionable misrepresentation must be made about past or existing facts; statements regarding future events are merely deemed opinions"). The lack of specificity about the statements of profitability is fatal to Pate's claim. Only one such statement, allegedly made by Beechwood on May 10, 1999, occurred at a time when Catalina's net income and operating income were both negative. Pate, however, failed to show that he relied on it, rather than Beechwood's subsequent statements, in making the first of the shipments at issue on January 28, 2000.

None of the remaining statements concerning profitability is sufficiently specific for a jury to evaluate its truth. *See Cable & Computer Tech. Inc. v. Lockheed Sanders, Inc.*, 214 F.3d 1030, 1038 (9th Cir. 2000) (reversing summary judgment because evidence provided jury with sufficient certainty about allegation of fraud). Even if Beechwood's statements were misrepresentations of fact, Pate has adduced no evidence that he relied on these statements to fill orders placed some five or more months later, or that he could justifiably rely on such statements as indicating that Catalina would be able to pay him ninety days after the shipment.

The district court correctly held that Pate did not raise a triable issue of fact to support his actual agency claim. There is no basis in the record to dispute that Catalina, not Berkeley, ran Catalina's day-to-day operations, or that the companies preserved their separate corporate structures. *See Sonora Diamond Corp. v. Superior Court*, 83 Cal.App.4th 523, 99 Cal. Rptr.2d 824, 838–39 (Ct.App.2000) (requiring a "strong showing" of purposeful disregard of separate corporate structures to a greater degree than the broad oversight typical of a parent-subsidiary relationship, such that agent has taken over performance of day-to-day operations).

Although Pate did not clearly present his ostensible agency claim to the district court, we exercise our discretion to entertain it because the issue is one of pure law and the facts have been fully developed. *See Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1321 (9th Cir.1998). The record evidence, however, is insufficient to defeat summary judgment on this issue. *See C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir.2000) (ostensible agency is question of fact inappropriate for summary judgment "unless only one conclusion may be drawn" from evidence). Pate cannot show that he had a reasonable belief that Catalina was Berkeley's agent. *See Mejia v. Cmty. Hosp. of San Bernardino*, 99 Cal.App.4th 1448, 122 Cal.Rptr.2d 233, 239 (Ct.App. 2002). Pate cites no evidence that Berkeley stated or negligently implied that it would be bound by Catalina's actions. Indeed, Pate testified at his deposition that Berkeley never explicitly represented that they would be responsible for Catalina's debts. Nor does Pate have any evidence

that he actually believed that Berkeley was responsible for Catalina's debts. *See id.*

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.